■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL LEE, Also Known as MICHAEL NORMAN, Appellant.—Appeal from a judgment of the County Court of Ulster County, rendered June 7, 1976, convicting defendant on his plea of guilty of the crime of criminal sale of a controlled substance in the third degree and sentencing him to an indeterminate term of imprisonment with a mandatory maximum of life and a minimum of one year. We find no merit in defendant's contention that because of a change in CPL 220.10, which became effective less than a month after the imposition of sentence herein, he should be permitted to withdraw his plea to the indictment and be allowed to plead to a lesser offense. Judgment affirmed. Koreman, P. J., Greenblott, Kane, Mahoney and Main, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANN R. WILSON, Appellant.—Appeal from a judgment of the County Court of Clinton County, rendered August 9, 1976, convicting defendant upon a plea of guilty of the crime of robbery in the second degree and sentencing her to an indeterminate term not to exceed six years. Defendant was indicted for the crimes of robbery in the second degree (two counts) and burglary in the second degree (two counts). On June 24, 1976, defendant pleaded guilty to the first count of the indictment charging her with robbery in the second degree. On this appeal the sole contention is that the sentence imposed was excessive. The record clearly demonstrates that, with counsel present, defendant negotiated a plea of guilty on the sentence that was to be imposed. Defendant was put on notice that upon reviewing the presentence report, if the court felt constrained to sentence her to a more severe term, she would be permitted to withdraw her plea of guilty and reinstate a plea of not guilty to all counts of the indictment. On the date of sentence there was a discussion concerning defendant's use of narcotics and a request by her counsel that the court consider that she should have rehabilitative help. The Sentencing Judge, who had before him a presentence report, stated that he had taken into consideration the defendant's background and considered the fact that she was involved with drugs on the occasion of the commission of the crime. He thereupon imposed the sentence previously agreed upon. Under the circumstances, and considering the fact that the maximum sentence that could have been imposed is 15 years, it cannot be said that the sentence was excessive. There was no abuse of discretion by the sentencing court (People v Dittmar, 41 AD2d 788). Judgment affirmed. Koreman, P. J., Sweeney, Kane, Mahoney and Larkin, JJ., concur.